SHAW, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action of Debt.

No. 1536.—Decided February 24, 1917.

EVIDENCE—ERROR—BRIEF—REVIEW OF FACTS.—When it is alleged that the lower court erred in weighing the evidence, the elements of proof introduced at the trial should be reviewed in detail in the brief so as to convince this court of the truth of the allegation.

ID. — OBLIGATION — BURDEN OF PROOF — EXTINCTION OF OBLIGATION — PRESUMPTION.—In accordance with section 1182 of the Civil Code, which is in harmony with section 108 of the Law of Evidence, the proof of an obligation devolves upon the person claiming its fulfilment and that of its extinction upon the one opposing or denying it; and the fact that the creditor holds a document or promissory note evidencing the obligation constitutes a presumption against the extinction of the obligation until destroyed by proof to the contrary.

ID.—BRIEF—ERROR.—It having been assigned as error at the hearing on the appeal that the complaint did not set up a cause of action because it failed to allege that the promissory note was not only signed by the debtor but had been delivered to the creditor, and the said assignment not having been included in the brief as required by rule 42, it was held that as said error was not fundamental and the rights of the appellants were not prejudiced by the omission, it should be disregarded in the decision of the case in conformity with rule 43.

JUDGMENT—APPEAL—AMENDMENT OF JUDGMENT—ORDER NUNC PRO TUNC.—A judgment against the defendants for payment to the plaintiff of the amount of the promissory note sued upon having been appealed from and afterwards amended by the trial court to include the payment of the interest claimed in the complaint without any opposition on the part of the defendants, the Supreme Court is not deprived of jurisdiction of the judgment appealed from because of the amendment, but has jurisdiction to review both the judgment and the amendment, for the original judgment is not substituted or annulled by the amended judgment, and the date of the original judgment controls, as the subsequent amendment should be regarded as an order *nunc pro tunc.*

The facts are stated in the opinion.

Messrs. *Juan B. Huyke* and *Francisco González* for the appellants.

Messrs. *José* and *Manuel Tous Soto* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On July 26, 1913, Oliver Shaw brought an action of debt in the District Court of Humacao against the Succession of A. Rodríguez Cruz, composed of his widow and ten legitimate children who are named in the said complaint, and for a cause of action alleges the following:

1. That Antonio Rodríguez Cruz borrowed various sums of money from the plaintiff, amounting on July 1, 1912, to $651.53, which Rodríguez Cruz agreed to pay in the manner, under the conditions and on the date set out in a private instrument which is copied literally into the complaint.

In that instrument, which appears to have been signed by the debtor, A. Rodríguez, and witnesses Marcelo Centeno and Gregorio Rodríguez on July 1, 1912, Rodríguez agreed to pay to Oliver Shaw, or to his order, on July 1, 1913, the sum of $651.53, for value received, together with the costs and other expenses incurred in collecting the same in case of his failure to make payment on the said date, and interest at 1 per cent monthly after maturity.

2. That Antonio Rodríguez Cruz died on December 9, 1912, leaving as sole heirs his ten legitimate children named in the complaint, six of them being minors, and his widow, Leocadia Rodríguez, as to her legal portion in usufruct, all of whom have been in the possession and use of the estate of the deceased.

3. That neither Antonio Rodriguez Cruz nor his heirs nor any other person has paid the plaintiff the said sum of $651.53, or any part thereof, or the interest accruing thereon from July 1, 1913, although the plaintiff has demanded payment from the widow and adult children of the deceased.

The complaint concludes with a prayer for judgment against the defendants for the amount due of $651.53, with interest thereon at 1 per cent monthly from July 1, 1913, until paid in full, together with the costs and attorney fees incurred by the plaintiff in the action.

The defendants demurred to the said complaint on the ground that the facts alleged therein did not constitute a cause of action, and the court overruled the demurrer by an order of December 7, 1913. The defendants filed an answer in which they admitted the first and second but denied the third count of the complaint, alleging that Rodríguez had paid the amount of the promissory note.

The case having been tried, the court rendered judgment on November 5, 1915, "sustaining the complaint and adjudging that the defendants pay to the plaintiff the sum of $651.53, the amount of the note on which Oliver Shaw based his action of debt, and the costs."

The attorneys for the defendants appealed from that judgment to this court, after which the court, on April 10, 1916, on the plaintiff's motion, made an order to enter a new judgment with a supplementary pronouncement that the defendants should pay also the interest claimed in the action.

The appellants base their appeal on an alleged error of the court in weighing the evidence, but they only assign the said error without setting forth in detail the probatory elements adduced at the trial in order to convince us of that fact.

We have examined the evidence introduced by both parties and as a result of such examination and the admission of the defendants in their answer to the complaint, we do not find that the District Court of Humacao committed the error assigned. The defendants admitted the existence of the obligation sued on, and the only question at issue is whether it has been extinguished by payment.

Section 1182 of the Civil Code provides that proof of obligations devolves upon the persons claiming their fulfilment and that of their extinction upon those opposing it; and, in harmony with this section, section 108 of the Law of Evidence in civil actions provides that the proof of an obligation devolves upon the party claiming its fulfilment and the proof of the extinction of an obligation devolves upon the party opposing the obligation.

The existence of the obligation was not only admitted by the defendants in their answer but was proved by the oral and documentary evidence at the trial, but the extinguishment of the obligation by payment was not so proved.

Moreover, the fact that the instrument or note which evidenced the obligation, the genuineness of which has not been questioned by the defendants, is in the possession of the creditor, is a presumption against the extinction of the obligation; and the said presumption has not been destroyed by proof to the contrary.

The brief of the appellants did not sustain their contention that the facts alleged in the complaint did not constitute

a cause of action, but at the hearing they argued that point on the ground that said complaint did not allege that the note was both signed by the debtor and delivered to the creditor. Rule 42 of this court prescribes that the appellant's brief shall contain an assignment of errors upon which his appeal is based; and rule 43 provides that in the decision of the case the court may disregard errors not assigned, unless they are fundamental. In view of the circumstances of the case, the omission alleged by the appellants as a defect in the complaint cannot be considered a fundamental error, nor does it appear that their rights have been prejudiced by the omission; therefore, we refrain from considering it.

We do not wish to disregard the question raised by the attorney for the defendants at the hearing that the court had no jurisdiction of the appeal because the record did not contain the new judgment which should have been entered as amendatory of the original, this being the judgment appealed from rather than the second judgment which substituted the first. The original judgment, with its amendment, has been brought up to this court by permission granted to the appellants. We are of the opinion that this court did not lose its jurisdiction over the judgment appealed from because of the amendment ordered, but that it has jurisdiction to consider the same as modified; for the amendment was incidental and in conformity with the prayer of the complaint and was not opposed by the defendants.

In the case of *Martínez* v. *Delgado et al.,* 18 P. R. R. 382, we held that when a judgment appealed from is modified in certain immaterial points by the trial court after the appeal is taken with notice to and the consent of the appellee, the original judgment is not substituted or annulled by the amended judgment and the date of the original judgment governs, the subsequent amended judgment being considered as an order *nunc pro tunc,* or as relating back to the original judgment, and the appeal taken and pending is not prejudiced by said modification.

For the foregoing reasons the judgment rendered by the District Court of Humacao on November 5, 1915, with the subsequent amendment thereto directing the payment of the interest claimed in the complaint, should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.